So Ordered.

Signed this 5 day of August, 2026.



_____

Patrick G. Radel
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

_____

IN RE:

ROBIN DELAMATER,

                  Debtor.

Chapter 7
No. 25-10872-1-PGR

_____

AURELIO N. RODRIQUEZ,

                  Plaintiff,

v.

ROBIN DELAMATER,

                  Defendant.

Adv. Pr. No. 25-90027-1-pgr

_____

APPERANCES:

AURELIO N. RODRIQUEZ                       *PRO SE*

O'CONNOR, O'CONNOR,                          MICHAEL J. O'CONNOR, ESQ.
BRESEE & FIRST, PC
*Attorney for Debtor-Defendant Robin Delamater*
20 Corporate Woods Blvd.
Albany, NY 12211

## MEMORANDUM-DECISION AND ORDER

Presently pending are the Plaintiff's Motion to Amend Complaint and the

Debtor's Motion to Dismiss this adversary proceeding.

## Jurisdiction

The Court has core jurisdiction over the parties and the subject matter of this

contested matter in accordance with 28 U.S.C. §§ 1334(b) and 157(b)(2). Venue is

proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

On July 31, 2025, Robin Delamater, by and through counsel, filed a

Voluntary Petition under Chapter 7 of the United States Bankruptcy Code. (25-

10872-1-pgr, Docket No. 1).

On November 5, 2025, Aurelio N. Rodriguez (the "Plaintiff") filed this

adversary proceeding against Robin Delamater (the "Debtor-Defendant"). (Docket

No. 1).  In the Complaint, Plaintiff asserts two causes of action: (1) denial of

discharge for false oath or account pursuant to 11 U.S.C. § 727(a)(4)(A), and (2)

denial of discharge for concealment of property pursuant to § 727(a)(2)(A).

On January 23, 2026, Defendant-Debtor filed a Motion to Dismiss. (Docket

No. 23). This Court held a hearing on March 3, 2026, at which Plaintiff indicated he

failed to respond to the Motion. Plaintiff was granted leave to file a late response to the Motion and if such response included a request to file an amended complaint then Plaintiff was ordered to include a copy of the proposed amended complaint. (*See* Docket Nos. 33 & 34).

Plaintiff filed a Motion to Amend his Complaint and an Objection to Defendant-Debtor's Motion to Dismiss on March 16, 2026. (Docket Nos. 36 & 38). Debtor filed a reply objecting to Plaintiff's Motion to Amend. (Docket No. 42).

This Court held a hearing on Plaintiff's Motion to Amend and Defendant-Debtor's Motion to Dismiss on April 16, 2026. Plaintiff appeared *pro se* and Michael O'Connor, Esq. appeared on behalf of the Debtor. The motions were deemed submitted and this Court reserved decision.

For the reasons stated below, Plaintiff's Motion to Amend (Docket No. 36) is DENIED, in part, and Debtor's Motion to Dismiss (Docket No. 23) is GRANTED, in part.

### Motion to Amend

Federal Rule of Civil Procedure 15, as made applicable by Federal Rule of Bankruptcy Procedure 7015, provides generally that if a party does not amend its pleading within twenty-one days after service of a motion to dismiss, then "a party may amend its pleading only with the opposing party's written consent or with the court's leave." Fed. R. Civ. P. 15(a).

Plaintiff's complaint was served on November 5, 2025 and Debtor's Motion to Dismiss was filed on January 23, 2026.[1] The Motion to Amend was not filed until March 16, 2026.

As the Plaintiff sought to amend his Complaint more than twenty-one days after Defendant-Debtor filed her Motion to Dismiss and did not receive written consent to amend, Plaintiff must seek leave from the court. Fed. R. Civ. P. 15(a)(2).

A court should give leave to amend freely and should only deny a request "for such reasons as unduly delay, bad faith, futility of the amendment, and perhaps most important, resulting prejudice to the opposing party." *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *see also Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) ("It is well established that leave to amend a complaint need not be granted when amendment would be futile.").

"Futility is directly intertwined with the standard for a motion to dismiss. A court may properly deny leave to amend where the amended complaint would not withstand a Rule 12(b)(6) motion to dismiss." *Pergament v. Yerushalmi (In re Yerushalmi)*, No. 07-72816-478, 2009 WL 2982964, at *4 (Bankr. E.D.N.Y. Sept. 14, 2009).

Plaintiff's Amended Complaint purports to add additional facts to the same causes of action made in the original Complaint. As the arguments supporting dismissal and the arguments made in the Amended Complaint are the same, this

---

[1] The Court held a hearing in another, related adversary proceeding and Debtor's counsel requested time to file dispositive motions in both proceedings. The Court entered a text order stating that any Motion to Dismiss and/or Motion for Judgment on the Pleadings was to be filed be filed on or before January 26, 2026. (Docket No. 6).

Court will address them together in the context of the Defendant's Motion to Dismiss.

### Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6), as made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), empowers the bankruptcy court to dismiss a complaint that "fails to state a claim upon which relief can be granted."

When considering a Rule 12(b)(6) motion, the court must accept all factual allegations as true and draw all inferences in favor of the plaintiff. *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir. 2006).

### *§ 727(a)(2)(A)*

Section 727(a)(2) denies a Debtor their discharge when "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—(A) property of the debtor, within one year before the date of the filing of the petition." 11 U.S.C. § 727(a)(2).

To sufficiently plead a concealment claim under § 727(a)(2)(A), the Complaint must allege that "(i) the property at issue belonged to [Defendant-Debtor]; (ii) she concealed it; (iii) she did so with the intent to hinder, delay, or defraud her creditors; and (iv) she either did so within one year before the date of the filing of the petition or her initial act of concealment took place before this one-year period

but she then allowed the property to remain concealed into the critical year." *Aspire Fed. Credit Union v. Robinson (In re Robinson)*, 595 B.R. 148, 156 (Bankr. S.D.N.Y. 2019); *see also Republic Credit Corp. I v. Boyer (In re Boyer)*, 328 Fed. Appx. 711, 714-15 (2d Cir. 2009).

In order to survive a motion to dismiss his concealment claim, Plaintiff must allege that the property at issue (a 2022 Honda Accord) belonged to the Debtor. There is no dispute that Debtor does not own the vehicle. Debtor's relative purchased the vehicle over three years ago and holds title to the vehicle. Plaintiff argues that Debtor concealed her equitable interest in the property. (Docket No. 36). Specifically, Plaintiff alleges Debtor exercises exclusive control over the vehicle – she drives it to work, uses it for personal errands, and refers to it as "my vehicle" to law enforcement. *Id.* Thus, according to the Plaintiff, Debtor holds an interest in the vehicle, and Debtor concealed that interest by not disclosing the information on her bankruptcy petition.

While a debtor's failure to disclose assets on a bankruptcy petition may constitute concealment, for purposes of a § 727(a)(2)(A) claim, the property must have belonged or belong to the debtor. *See Ruter v. Schryver (In re Schryver)*, 558 B.R. 856, 875 (Bankr. N.D. Ill. 2016) ("Deliberate withholding of information about assets in a debtor's bankruptcy schedules. . .can constitute concealment of those assets."); *see also Mazer-Marino v. Levi (In re Levi)*, 581 B.R. 733, 744 (Bankr. S.D.N.Y. 2017) (Concealment typically happens when (1) "a debtor transfers legal title to property to a third party while retaining a secret interest in that property";

or (2) "when a debtor places assets beyond the reach of creditors or withholds pertinent information when he has a legal duty to disclose it." (internal quotation marks omitted)).

The Bankruptcy Code does not define "property of the debtor" for purposes of § 727(a)(2)(A). Many courts look towards state law and § 541(a) for guidance in determining a debtor's interest in certain property. *See Mazer-Marino v. Levi (In re Levi)*, 581 B.R. 733, 744 (Bankr. S.D.N.Y. 2017) (citing *Kaufman v. Chalk & Vermilion Fine Arts, LLC*, 31 Fed. Appx. 206, 208 (2d Cir. 2002)).

In New York, "an asset is any form of personal property with value, including [chattel] that creates, acknowledges, or evidences a financial obligation, not exempt from liability by statute or common law." *Ng v. Adler (In re Adler)*, 494 B.R. 43, 62 (Bankr. E.D.N.Y. 2013) (cleaned up).

Section 541(a)(1) defines "property of the estate" as "all legal or equitable interests of the debtor in property as of the commencement of the case." "Congress [therefore] intended to limit the reach of § 727(a)(2)(A) only to those transfers of property in which the debtor has a direct proprietary interest." *Mcorp Mgmt. Sols., Inc. v. Thurman (In re Thurman)*, 901 F.2d 839, 841 (10th Cir. 1990).

Under New York law, the definition of a vehicle owner can be broken into the following three parts:

(1) A person, other than a lien holder, having the property in or title to a vehicle or vessel;
(2) the term includes a person entitled to the use and possession of a vehicle or vessel subject to a security interest in another person; and also includes

(3) any lessee or bailee of a motor vehicle or vessel having the exclusive use thereof, under a lease or otherwise, for a period greater than thirty days.

N.Y. Veh. & Traf. Law § 128 (McKinney).

As previously established, Debtor does not hold legal title to the vehicle. Debtor is therefore not an owner under part one.

For part two, Plaintiff alleges that Debtor exercises exclusive control over the vehicle – she drives it to work, uses it for personal errands, and refers to it as "my vehicle" to law enforcement. Plaintiff, however, fails to allege Debtor's relative holds a security interest in the vehicle. *See McClaney v. Util. Equip. Leasing Corp.*, 560 F. Supp. 1270, 1274 (N.D.N.Y. 1983) ("[T]he meaning of the phrase, regarded in its entirety [ – 'a person entitled to the use and possession of a vehicle subject to a security interest in another person' – ] could not be more clear: in situations where a vehicle is sold under contract which reserved a security interest in the vendor, it is the vendee who is nevertheless the owner. . .Plaintiff's reading of the phrase. . .would extend ownership status to anyone using the vehicle with permission."); *see also Rhett v. Griggs*, 1991 WL 8491, at *2 (S.D.N.Y. Jan. 17, 1991) ("[B]oth Associates and N.C.N.B., as lessors and title holders of the tractor and trailer respectively, are liable as 'owners' of the vehicles unless it is determined that they hold only liens or security interests in them."); *see generally Matthews v. CTI Container Transport Intern. Inc.*, 871 F.2d 270, 275-76 (2d. Cir. 1989) (distinguishing certain elements that make a lease agreement intended for security – whether the lessee is required to maintain insurance coverage upon the leased

equipment, whether the purchase option price compared to the total lease rental is nominal, and whether upon default, the lessee is liable for any deficiency in the total rent in excess of the sale proceeds.). The facts are therefore insufficient to indicate Debtor is the owner of the vehicle under part two.

As for part three, Plaintiff fails to plead sufficient facts to indicate Debtor is either a lessee or a bailee of the vehicle "having exclusive use thereof, under a lease or otherwise, for a period greater than thirty days." Specifically, there are no facts indicating a lease agreement or other contract/transaction, nor that Debtor had "exclusive control" of the car for a period greater than thirty days. *See Mays v. New Haven & Hartford R.R. Co.*, 197 Misc 1062, 1063-64 (N.Y. App. Div. 1950) (Bailment is defined as "a delivery of personal property for some particular purpose, or a mere deposit, upon a contract express or implied, and that after such purpose has been fulfilled it shall be redelivered to the person who delivered it, or otherwise dealt with according to the directions or kept until he reclaims it as the case may be. It is essential that there be actual or constructive delivery by the bailor as well as actual or constructive acceptance of the property of the bailee."); *see also Sullivan v. Spandau*, 589 N.Y.S.2d 49, 51 (App. Div. 1992) ("The agreement between [the parties] is clearly a lease. It is denominated as a 'lease' and the parties are described as 'lessor' and 'lessee.' It calls for the payment of 'rent'. . . .).

Thus, Plaintiff fails to allege sufficient facts to indicate Debtor is an owner of the vehicle under New York law.

To the extent Plaintiff argues Debtor holds an equitable interest in the vehicle, the Court finds the Plaintiff's statement to be conclusory.

An equitable interest in property is typically described as "rights in personam against the holder of the legal title." *Comm'r of Internal Revenue v. Nevius*, 76 F.2d 109, 110 (2d Cir. 1935); *see also Darwin (Huck) Spaulding Living Trust v. Carl (In re Carl)*, 517 B.R. 53, 65-66 (Bankr. N.D.N.Y. 2014) (noting that while debtor was not legal owner of property in question, debtor has been found to have equitable interest in property where the property was transferred but debtor retains benefit of beneficial ownership).

Here, Plaintiff fails to plead facts sufficient to establish that Debtor holds an equitable interest in the property. As mentioned previously, Plaintiff only alleges that Debtor "drives [the vehicle] to work, uses it for personal errands, and refers to it as 'my vehicle' to law enforcement." (Docket No. 36). There is no allegation that Debtor pays for auto insurance, monthly car payments, or regular repairs. *See McCarthey Invs., LLC v. Shah (In re Shah)*, 2010 Bankr. LEXIS 1621, at *22 (Bankr. S.D.N.Y. May 13, 2010) (finding the Debtor concealed his interest in property when he transferred his interest in real property to his wife for no consideration while he retained possession and use of the property and also made all the payments required to maintain it, including the mortgage, common charges, utilities, real estate taxes, and property insurance). Nor are there any facts pled that indicate there was a constructive or resulting trust with respect to the vehicle that would show the debtor's relative only holds title in whom no equitable interest

is reposed. *See Geltzer v. Balgobin (In re Balgobin)*, 490 B.R. 13, 19, 21 (Bankr. E.D.N.Y. 2013) ("Under New York law, an express trust in real or personal property must meet certain statutory requirements, including that the trust be in writing." A constructive trust generally requires "(1) a confidential or fiduciary relationship; (2) a promise, express or implied; (3) a transfer of the subject res made in reliance on that promise; and (4) unjust enrichment." Lastly, a resulting trust can arise when (1) an express trust fails; (2) "an express trust is fully performed without exhausting the trust estate; or (3) where the property is purchased and the purchase price is paid by one person and at his direction the vendor conveys the property to another person.").

Plaintiff, therefore, fails to adequately plead that the Debtor concealed *her* property.

Accordingly, the vehicle concealment cause of action is dismissed.

### *§ 727(a)(4)(A)*

Section 727(a)(4)(A) denies a Debtor their discharge when "the debtor knowingly and fraudulently, in or in connection with the case. . .made a false oath or account." 11 U.S.C. § 727(a)(4)(A). To sufficiently plead a claim under § 727(a)(4)(A), the Complaint must allege that "(1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case." *Republic Credit Corp. I v. Boyer (In re Boyer)*, 328 F. App'x 711, 715 (2d Cir. 2009).

"A debtor makes oaths in the bankruptcy case through the debtor's petition, schedules, and statements upon executing those documents with a declaration under perjury that the information provided therein is true and correct." *Schall v. Kupperstein (In re Kupperstein)*, 624 B.R. 515, 521 (Bankr. D. Mass. 2021).

Fraudulent intent is shown through actual fraud, not constructive fraud – the debtor must be aware of their interest in an asset or a past event or condition in their financial history that should be disclosed; and the debtor must have intended to induce creditors to a particular course of action or inaction based on their reliance of the debtor's omission or misrepresentation. *Mazer-Marino v. Levi (In re Levi)*, 581 B.R. 733, 746 (Bankr. S.D.N.Y. 2017). However, "[a] reckless disregard of both the serious nature of the information sought and the necessary attention to detail and accuracy in answering may rise to the level of fraudulent intent necessary to bar a discharge. *Field v. Irving (In re Irving)*, 27 B.R. 943, 946 (Bankr. E.D.N.Y. 1983).

"A statement materially relates to the bankruptcy case when it contains relevant information that creditors and the trustee reasonably would have regarded as significant in identifying the assets of the estate that could be liquidated and used to satisfy claims." *Sanango v. Mi Young Kal (In re Mi Young Kal)*, 665 B.R. 688, 699 (Bankr. E.D.N.Y. 2024) (quoting *Levi*, 581 B.R. at 754) (internal quotation mark omitted). In other words, the false statement or omission must relate "to the debtor's business transactions, or if it concerns the discovery of assets, business dealings, or the existence or disposition of the debtor' property." *Id*. "An undisclosed asset having little value, being unreachable by creditors, or causing no detriment to

creditors is not material." *Kupperstein*, 624 B.R. at 522. Lastly, "[a] collection of false statements may be material in the aggregate, even if individually they would be less significant." *Levi*, 581 B.R. at 746.

Here, Plaintiff alleges that the Debtor violated § 727(a)(4)(A) by (1) omitting her equitable interest in the 2022 Honda on the bankruptcy petition; (2) omitting her litigation history; (3) misstating a judgment date; (4) omitting her prior addresses then, when confronted with a document at the § 341 meeting that listed a previous address, stating it was a "false statement"; (5) and omitting a closed financial account.

With respect to the vehicle, Plaintiff alleges that the Debtor violated § 727(a)(4)(A) when she (1) omitted her equitable interest in the 2022 Honda even though she exercises exclusive control over it; and (2) failed to disclose with the intent of concealing it from creditors. For the reasons listed above in the previous section, the Plaintiff has not pled sufficient facts to indicate Debtor holds an equitable interest in the vehicle. Therefore, this portion of the claim cannot survive a Rule 12(b)(6) motion to dismiss.

With respect to litigation history, Plaintiff alleges that the Debtor failed to disclose in her Statement of Financial Affairs an Albany Family Court case and an Albany City Court case from the past year. Plaintiff states that the Debtor concealed these cases to hide judicial rulings that found Debtor to "unbelievable" and "lacking credibility." The Court finds the Plaintiff has not sufficiently pled how omitting the two previous cases is material to the bankruptcy case. A judge's finding

of credibility in a separate legal action does not bear a relation to the Debtor's

"business transactions or estate, or concern[] the discovery of assets, business

dealings, or the existence and disposition of her property." *See generally 784 Cafe*

*Inc. v. Lang Chin (In re Lang Chin)*, 617 B.R. 761, 769 (Bankr. E.D.N.Y. 2020)

(holding that plaintiff did not allege that the defendant made a false oath or

misstatement with respect to his assets, income, business dealings, or other

finances; plaintiff instead argued that the materiality of the defendant's omission

"relates to the underlying claim within which [the defendant] is seeking a

discharge" and this argument does not meet the legal standard under §

717(a)(4)(A)). Therefore, this portion of the claim cannot survive a Rule 12(b)(6)

motion to dismiss.

With respect to the misstated judgment date, Plaintiff states that the Debtor

listed January 12, 2024, on her petition as the date in which the state court entered

judgment in favor of the Plaintiff. Plaintiff alleges that the actual date the state

court entered judgment in favor of the Plaintiff was on July 14, 2025, and Debtor

wrote the wrong date to obscure that fact that the bankruptcy petition was "an

immediate reaction to a trial loss 17 days prior." The Court finds the Plaintiff has

failed to adequately allege how misstating the judgment date is material to the

bankruptcy case. *See generally id.* Therefore, this portion of the claim cannot

survive a Rule 12(b)(6) motion to dismiss.

With respect to the prior addresses, Plaintiff states that Debtor failed to list

any prior physical address in her bankruptcy petition. She only disclosed a P.O.

Box. However, DMV and employer records show that she resided at a physical address within the last three years. Plaintiff also argues that Debtor's statement at the 341 meeting that the DMV records containing Debtor's previous address were false was to cover up the original omission in the Debtor's petition. Debtor argues that she only disclosed the P.O. Box based on her participation in the New York State Address Confidentiality Program. Debtor states she was concerned about her safety and took steps to prevent Plaintiff from knowing her whereabouts. While this Court agrees that Plaintiff has pled sufficient facts in regards to Debtor's failure to disclose prior address to survive a 12(b)(6) motion, this Court nevertheless dismisses this portion of the Plaintiff's § 727(a)(4)(A) claim. This Court acknowledges the letter from the New York State Confidentiality Program that Debtor has been enrolled in the program since May 19, 2023 and her current and former addresses are confidential and protected. (*See* Docket No. 23, Exhibit C). Therefore, this Court does not require Debtor to disclose her prior addresses in this bankruptcy and, regardless of the sufficiency of the facts pled, the Court will not grant the relief Plaintiff seeks in this regard. *Cf. S.L. v. City of New York*, 2026 WL 948339, at *3 (S.D.N.Y. Apr. 8, 2026) (noting that the plaintiff is enrolled in New York State's Address Confidentiality Program and nothing prevents her from keeping her address confidential). Therefore, this portion of the claim cannot survive a Rule 12(b)(6) motion to dismiss.

Lastly, Plaintiff argues that Debtor failed to disclose an account with Broadview Federal Credit Union in her Schedules. Plaintiff alleges that Debtor's

purpose in omitting the account was to prevent the Trustee from subpoenaing account statements that would reveal some of her financial transactions.  Debtor appears to concede the non-disclosure, but argues, through counsel, that she believes Broadview charged off the account more than a year before she filed for bankruptcy relief and that the non-disclosure was not material because the balance in the account was zero.  However, in the present posture, this Court must assume true the facts as pled in the proposed Amended Complaint. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir. 2006).

This Court finds Plaintiff has pled sufficient facts to survive a 12(b)(6) motion to dismiss as to this aspect of his claim. Plaintiff is therefore permitted to amend his complaint to assert an objection to discharge under § 727(a)(4)(A) based on Debtor's failure to disclose the Broadview account.

## Conclusion

The Court grants Debtor's motion to dismiss (Docket No. 23) in part and grants Plaintiff's request to amend his complaint (Docket No. 36) in part. Plaintiff's request to amend his complaint is granted as to his claim under § 727(a)(4)(A) that the Court should deny Debtor a discharge based upon her failure to disclose an account with Broadview and Debtor's Motion to Dismiss is denied solely as to that aspect of Plaintiff's claim.

Debtor's Motion to Dismiss is granted as to Plaintiff's claims seeking to (a) deny Debtor a discharge for allegedly concealing property under § 727(a)(2)(A) and (b) deny Debtor a discharge under § 727(a)(4)(A) for allegedly (i) omitting her

equitable interest in a 2022 Honda sedan on the bankruptcy petition; (2) omitting her litigation history; (3) misstating a judgment date; and (4) omitting her prior addresses and Plaintiff's request to file an Amended Complaint asserting these claims is denied."

On or before August 20, 2026, Plaintiff shall file and serve an Amended Complaint, asserting only an objection to discharge under § 727(a)(4)(A) based on Debtor's failure to disclose the Broadview account.

The Clerk's Office is requested to mail a copy of this Decision and Order to Plaintiff.